IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBIN DEAN MURPHY, )
 )
       Plaintiff, )
 )
   v. ) Case No. 17-4066-SAC
 )
JACKIE DUANE CORWIN, et al., )
 )
       Defendants. )

## REPORT AND RECOMMENDATION

Based on the Tenth Circuit's decision in *Lister v. Department of the Treasury*,[1] this Report and Recommendation is submitted to the district judge. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, within fourteen days after plaintiff is served with a copy of this Report and Recommendation, plaintiff may file written objections.[2] If no objections are timely filed, no appellate review will be allowed by any court.

This matter comes before the court upon plaintiff's motion to proceed without prepayment of fees (ECF No. 5). Proceeding *in forma pauperis* in a civil case is a privilege, not a right.[3] A federal court may authorize the commencement, prosecution or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means.[4]

---

[1] 408 F.3d 1309, 1311–12 (10th Cir. 2005) (holding that magistrate judges do not have authority to issue final orders denying motions to proceed *in forma pauperis* pursuant to 28 U.S.C. § 636, although they may issue reports and recommendations to district judges).

[2] In the complaint, two plaintiffs are listed in the caption of the case: Robin Dean Murphy and Margie Lee Murphy. The complaint, however, is only signed by Robin Dean Murphy. Mr. Murphy is not an attorney and, therefore, cannot represent Mrs. Murphy, who is identified as his mother. In addition, only Mr. Murphy has signed the affidavit in support of the motion to proceed without prepayment of fees. Therefore, the court considers Mr. Murphy as the only plaintiff in this case.

[3] *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir.1998).

[4] 28 U.S.C. § 1915(a)(1).

The decision whether to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the court.[5] In addition to plaintiff's financial status, the court considers whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6]

The court must also consider whether it has subject matter jurisdiction to hear and resolve the action. Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when authorized.[7] "A court lacking jurisdiction . . . must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[8] Moreover, the court has a duty to raise and resolve subject matter jurisdiction even if the existence of jurisdiction is not challenged by a party.[9]

Because plaintiff proceeds *pro se*, the court construes his pleadings liberally.[10] In his complaint and in a 43-page attachment, plaintiff alleges that the defendants committed acts of negligence, murder, attempted murder, strict liability, intentional trespass and nuisance. These acts occurred when the defendants sprayed chemicals at various times on or around plaintiff's farm near Quenemo, Kansas. He alleges jurisdiction based upon 28 U.S.C. § 1343 in that the case arises because of a violation of the civil or equal rights privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States.

---

[5] *Cabrera v. Horgas*, No. 98–4231, 1999 WL 241783, at * 1 (10th Cir.1999).

[6] 28 U.S.C. § 1915(a)(1).

[7] *Pfuetze v. Kansas*, 2010 WL 3892243, at *3 (D.Kan. Sept. 29, 2010).

[8] *Laughlin v. KMART Corp.*, 50 F.3d 871, 873 (10th Cir.1995).

[9] Id. at 873.

[10] *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir.1999).

Jurisdiction to proceed in a United States District Court is limited, and the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists for him to proceed in federal court. Here, even a liberal reading of plaintiff's *pro se* pleading fails to establish any subject matter jurisdiction based on the diversity of the parties, 28 U.S.C. § 1332, or based on the presentation of a federal question, 28 U.S.C. § 1331.

Federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist.[11] As interpreted, this statute provides federal district courts with original diversity jurisdiction "'only if there is no plaintiff and no defendant who are citizens of the same State.'"[12] Plaintiff's complaint does not support diversity jurisdiction, as it alleges that the plaintiff and defendants are citizens of Kansas.

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[13] "[F]ederal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint."[14] "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."[15] The plaintiffs' complaint does not identify any federal constitutional or statutory provision. "Merely alleging that 'federal questions are

---

[11] 28 U.S.C. § 1332; *see Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) ("Since its enactment, [the Supreme Court] has interpreted the diversity statute to require 'complete diversity' of citizenship.").

[12] *Gadlin v. Sybron Intern. Corp.*, 222 F.3d 797, 799 (10th Cir.2000) (quoting *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998)).

[13] 28 U.S.C. § 1331.

[14] *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir.1986) (citations omitted).

[15] *Id.*

involved"'does not convert a state common-law claim into a federal question.[16] To raise a constitutional claim, the plaintiffs must allege "that the defendants acted under color of state law to deprive him of a constitutional right."[17] The complaint does not include any such allegation, and the facts presently outlined in their complaint would not support any such allegation. Section 1331 fails to confer subject matter jurisdiction over the plaintiff's complaint. A review of the complaint reveals no basis for believing that, if given the chance to amend the complaint, he could state a claim over which this court would have jurisdiction. Thus, the court finds it would be futile to grant plaintiff leave to amend the complaint. Accordingly, the magistrate judge recommends to the district judge that plaintiff's complaint be dismissed for lack of subject matter jurisdiction and plaintiff's motion to proceed *in forma pauperis* be denied as moot.

Dated this 31st day of July, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[16] *Id.*

[17] *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir.1992) (citation omitted).